UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-23015-RAR

**MACK WELLS and**
**MAURICE SYMONETTE**,

*Plaintiffs*,

v.

**US BANK, et al,**

*Defendants*.
_____/

**STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

PURSUANT to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendants Judge Spencer Eig and Judge Vivianne Del Rio ("State Defendants"), by and through undersigned counsel, move this Court to dismiss the complaint of Plaintiffs Mack Wells and Maurice Symonette. In support thereof, State Defendants provide the following:

This was a state case (Florida 11th Circuit, Miami-Dade Case No. 2024-CA-12330) that was removed by the United States Attorney's Office in their representation of United States District Judge Jose Martinez, Magistrate Judge Eduardo Sanchez, ASA Johnathan Bailyn and Federal court reporter Mary Ann Casale ("Federal Defendants").

Plaintiffs have filed an incomprehensible 40-page Complaint (with 100 pages of attachments) against state circuit judges, federal judges and staff, county officials, and U.S. Bank in regard to one or more foreclosure actions involving one or more properties allegedly owned by the Plaintiffs. The Plaintiffs' "Complaint" is improperly attempting to seek a writ of replevin under §78.055, Fla. Stat. for real property that has been the subject of a foreclosure action in Miami-Dade County for many years. The Plaintiffs also claim that there has been some form of fraud by circuit court judges and the Clerk of Court. The Plaintiffs allege that the named state court judges and others had a conflict of interest through a non-existent subsidiary relationship between U.S. Bank and other financial institutions with whom the judges had personal accounts. Plaintiffs

additionally make allegations based upon absurd and unsupported conclusions that judges were bribed based upon changes in each judge's annual financial disclosure form submitted to the Florida Commission on Ethics.  Plaintiffs make broad allegations that make it unclear for the Defendants as to who may be responsible for what acts or omissions, what, if any, harm occurred to the Plaintiffs, and when such alleged events may have occurred.  As the Plaintiffs have failed to provide short and plain statements with the facts necessary to support these broad allegations, it is impossible for the Defendants to know what each is alleged to have done and prepare a proper response and defense, thereby failing to state a claim.  It is also unclear what type of relief is being sought.  Plaintiffs fail to relate a justiciable controversy and lack standing.  The judicial defendants are also entitled to Eleventh Amendment immunity, state sovereign immunity, judicial immunity and qualified immunity.  For all of these reasons, the Plaintiffs' complaint should be dismissed.

## MEMORANDUM OF LAW
## LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b)(1)

Federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Cave v. Stone*, No. 20-cv-61955-Altman, 2021 WL 4427451 at *5 (S.D. Fla. September 27, 2021) (citing to *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011), *aff'd*, 568 U.S. 85 (2013)). Challenges under Rule 12(b)(1) come in two forms: as "[f]acial attacks on the complaint [which] require the court merely to look and see if the plaintiff has alleged a basis for subject matter jurisdiction" or as "[f]actual attacks [which] challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings and matters outside the pleadings[.]" *Id*. citing to *Lawrence v. Dunbar*, 919 F.2d 1525,  1529 (11th Cir. 1990). "[A] factual attack challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings[.]" *Id*. citing to *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.,* 524 F.3d 1229, 1233–34 (11th Cir. 2018). "In a factual attack, courts are free to weigh the evidence to satisfy themselves they have the power to adjudicate the case." *Id*. citing to *Figueroa v. Merscorp, Inc.,* 766 F. Supp. 2d 1305, 1315 (S.D. Fla. 2011). In the case of factual attacks, the plaintiff's allegations don't enjoy a

presumption of validity, and "the burden is on the plaintiff to prove that jurisdiction exists." *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002); *see also Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).

### B. Fed. R. Civ. P. 12(b)(6)

The function of a motion to dismiss for failure to state a cause of action under Fed. R. Civ. P. 12(b)(6) is to test the legal sufficiency of the pleading. *Fowler v. S. Bell Tel. & Tel. Co.*, 343 F.2d 150, 153 (5th Cir. 1965) (finding a motion to dismiss for failure to state a claim upon which relief can be granted generally serves the same function as the common law demurrer).

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court may consider only the complaint, the written instruments attached to it as exhibits, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. See *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court must "view the allegations of the complaint in the light most favorable to the plaintiffs], consider the allegations of the complaint as true, and accept all inferences therefrom." *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 127, 1288, n.12 (11th Cir. 2005) (internal quotations omitted). However, a court has no corresponding duty to accept as true any legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions.").

Indeed, even where a Plaintiff has made allegations concerning each element, to survive a motion to dismiss pursuant to Federal Rule 12(b)(6), the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level. ..." *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 545 (2007). As a result, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief." *Fin. Sec. Assur., Inc. v. Stephens, Inc.,* 500 F.3d 1276, 1282 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 557–559)). Blanket assertions, labels, and conclusions pled in a complaint are insufficient to satisfy this standard. See *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## ARGUMENT

**A.   The Plaintiffs fail to allege a justiciable controversy and lack standing**

The Plaintiffs, while making allegations against the State Defendants in this matter, have failed to demonstrate an actual justiciable controversy with said judges. All of the judges have entered adverse orders against the Plaintiffs in state court actions. The fact that a judge presides over a lawsuit concerning the Plaintiffs does not in and of itself establish a controversy.

"Article III of the Constitution limits the 'judicial power' of the United States to the resolution of cases and controversies." *DiMaio v. Democratic Nat. Comm.*, 520 F.3d 1299, 1301–02 (11th Cir. 2008) (citation and quotation marks omitted). Critical to the case-or-controversy requirement of Article III is an inquiry into standing. *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Standing "is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005). The party invoking federal jurisdiction bears the burden of proving the essential elements of standing. *Lujan*, 504 U.S. at 561; *Elend v. Basham*, 471 F.3d 1199, 1205–06 (11th Cir. 2006). Given the procedural posture in this case, the Court looks to the sufficiency of the allegations in the complaint and any attached documents to the motion central to Plaintiff's claims to determine standing. *Church v. City of Huntsville*, 30 F.3d 1332, 1336 (11th Cir. 1994); *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005). It is not enough that "the [plaintiff]'s complaint sets forth facts from which we could imagine an injury sufficient to satisfy Article III's standing requirements." *Elend*, 471 F.3d at 1206 (quoting *Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n*, 226 F.3d 1226, 1229 (11th Cir. 2000) (citations omitted)). Rather, a plaintiff must satisfy three constitutional prerequisites of standing:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*DiMaio*, 520 F.3d at 1301–02 (citing *Lujan*, 504 U.S. at 560–61); see also *Dermer v. Miami-Dade Cty.*, 599 F.3d 1217, 1220 (11th Cir. 2010) ("Standing for Article III purposes requires a plaintiff to provide evidence of an injury in fact, causation and redressability."). The Eleventh Circuit said:

> To have standing a plaintiff must show (1) he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to conduct of the defendant; and (3) it is likely, not just merely speculative, that the injury will be redressed by a favorable decision.

*Kelly v. Harris*, 331 F.3d 817, 819–20 (11th Cir. 2003). In addition, because an injunction would regulate future conduct, a plaintiff seeking injunctive relief must also allege for the "injury-in-fact prong" a real and immediate threat, not merely a conjectural or hypothetical threat of a future injury. *Shotz v. Cates,* 256 F.3d 1077, 1081 (11th Cir. 2001) (citation omitted). Importantly, a plaintiff must establish standing as to each claim and for each form of relief sought. *Davis v. Federal Election Comm'n,* 554 U.S. 724, 734 (2008).

It is unclear what injury the Plaintiffs may have suffered in regard to the members of the judiciary. An adverse ruling by a judge in a foreclosure matter does not create a justiciable controversy or make them liable for a loss a litigant may have suffered. The Plaintiffs fail to make any adequate claims that are traceable to or redressable by the members of the judiciary named in this complaint. Thereby, the Plaintiffs present no justiciable controversy for this Court to resolve. The case must be dismissed.

### B. Failure to State a Claim
#### 1. Shotgun Pleading

This lengthy, frivolous Complaint filed by the Plaintiffs is a "shotgun" pleading and fails to give the Defendants notice of what claims are lodged against them and which material facts are relied upon to support those claims. Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must "give the defendant fair notice of what the…claim is and the ground upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). As such, "shotgun pleadings" are prohibited. *McMahon v. Cleveland Clinic Foundation Police Dept.*, 455 Fed.Appx. 874, 877 (11th Cir. 2011). A complaint that "fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" Often, "shotgun pleadings" are "confusing, incoherent, and

clogged with seemingly irrelevant…allegations," and are therefore appropriate for dismissal. *Lampkin-Asam v. Volusia County School Board*, 261 Fed.Appx. 274, 277 (11th Cir. 2008).

Plaintiffs' Complaint is a quintessential "shotgun" complaint. It is confusing, rambling and repetitive, making it difficult to determine which Defendants may need to defend an allegation. There are insufficient facts as to who may have suffered a harm or injury, what harm occurred, and which defendants may be responsible through act or omission.  The names of the Defendants (or simply the word "Defendants") are intermingled throughout the Complaint such that it is impossible to tell which legal claims are lodged against which defendants, and which, if any, facts are alleged in support thereof.  Similarly, these defects make it impossible for the Defendants to intelligently respond to the Complaint or determine what defenses they may have. As such, the Complaint fails to give the fair notice contemplated by Rule 8 of the Federal Rules of Civil Procedure.  Plaintiffs fail to state a claim upon which relief may be granted and the complaint should be dismissed by this Court.[1]

### 2. Plaintiffs fail to properly make a §1983 claim

While not calling it a claim under 42 U.S.C. § 1983, the Plaintiffs' claims for alleged violations of constitutional and federal statutory rights are exactly that.  To properly claim a §1983 action, a plaintiff needs to allege that he or she was deprived of a federal right and the depravation was by a state actor. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The State is not a "person" within the meaning of § 1983.  To establish a claim under § 1983, a plaintiff must show that he or she "was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Also, the plaintiff must provide proof of an "affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986).  "A state, a state agency, and a state official sued in his official capacity are not 'persons' within the meaning of § 1983, thus damages are unavailable." *Edwards v. Wallace Cmty. Coll.,* 49 F.3d 1517, 1524

---

[1] The docket and filings of another court may be judicially noticed on a motion to dismiss without converting it to a motion for summary judgment. *Lowman v. City of Riviera Beach*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013).  A similar case making substantially the same claims against many of the same defendants was recently dismissed by that court *sua sponte* due to the complaint being a shotgun pleading.  See ECF No. 16, *Symonette v. U.S. Bank, et al.,* Case No. 23-cv-61804-SINGHAL.

(11th Cir. 1995). As the judges have only been acting in their official capacities, they are regarded as the State and, as the State, are not a person within the meaning of §1983, whereby the Plaintiffs fail to state a claim upon which relief may be granted under that statute.

In the instant case, the Plaintiffs include vague statements about a possible violation of their federal rights. They make conclusory driven claims that the defendant judges allegedly violated their civil rights. Even if it is assumed that the judges committed an act that may have violated Plaintiffs' rights, the acts would have occurred within the scope of their official judicial duties and hence the judges would be entitled to judicial immunity, an issue that is addressed subsequently in this motion, or Eleventh Amendment sovereign immunity.

3. **Plaintiffs fail to properly make a claim for writ of replevin**

The "Complaint" filed by the Plaintiffs fails to state a claim upon which relief may be granted. A writ of replevin under §78.055, Fla. Stat., involves personal property that is in possession of someone else. The Plaintiffs are improperly attempting to seek this writ in regard to real property that has been the subject of a foreclosure action in Miami-Dade County for many years. As the Plaintiffs are attempting to seek a writ of replevin on real property, the Court cannot grant the relief sought by the Plaintiffs in this action.  s in the possession of someone else.  This Court cannot grant the relief sought by the Plaintiffs in this action. The "Complaint" also fails to state any cause of action against any of the named judges.

C.     **Eleventh Amendment Immunity**

The Eleventh Amendment[2] precludes certain suits by citizens against their own States in federal court. *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). Generally, Eleventh Amendment immunity applies unless Congress validly abrogates that immunity or the

---

[2] The Eleventh Amendment provides that: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI

state consents to be sued.[3]  *Miller v. King*, 384 F.3d 1248, 1268 (11th Cir. 2004), opinion vacated and superseded, 449 F.3d 1149 (11th Cir. 2006).

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted). Officials are not persons under § 1983. *Will* at 64. A court must evaluate whether the § 1983 action is against the state official in her official or individual capacity; if found to be against one's official capacity, Eleventh Amendment immunity is applied. *Florida Paraplegic Ass'n v Martinez,* 734 F. Supp 997, 1001 (S.D. Fla. 1990),  "In an individual capacity suit, the individual charged with liability must have acted in a manner "outside the scope of his respective office or, if within the scope, acted in an arbitrary manner, grossly abusing the lawful powers of office." *Florida Paraplegic Ass'n*, at 1002 (internal citations omitted).

The judges named in this case are members of the judicial branch of the State of Florida, a branch of government established under Fla. Const. art. V, § 5, and are considered a state agency for purposes of the Eleventh Amendment.  See *Zabriksie v. Court Admin.*, 172 F. App'x 906, 908 (11th Cir. 2006) (noting that Florida's State Courts System "as a component of the judicial branch, is a state agency.").  See *Kaimowitz v. Florida Bar,* 996 F.2d 1151, 1155 (11th Cir.1993) (stating that the "Eleventh Amendment prohibits actions against state courts").  A suit against the state is barred by sovereign immunity." *Lewis v. Clarke*, 137 S. Ct. 1285, 1290–91 (2017) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).

Lawsuits against state officials sued in their official capacity are generally barred under the Eleventh Amendment, with one notable exception. In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court held that a private litigant can sue a state officer for prospective injunctive relief to end "a continuing violation of federal law." *Ex Parte Young*, 209 U.S. 123. A state official who enforces "'an unconstitutional legislative enactment . . . comes into conflict with the superior authority of [the] Constitution,' and therefore is 'stripped of his official or representative character

---

[3] Neither exception applies here.  It is well established that Congress did not intend to abrogate a state's Eleventh Amendment immunity in 42 U.S.C.A. § 1983 damage suits. *Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1502 (11th Cir. 1995). In addition, Florida has not waived its sovereign immunity or consented to be sued in suits brought pursuant to 42 U.S.C.A. § 1983. *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1513 (11th Cir. 1986).

and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States.'" *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254, 131 S. Ct. 1632, 179 L. Ed. 2d 675 (2011) (quoting *Ex parte Young*, 209 U.S. at 159–60).

Here, the Plaintiff's claims fall outside of *Ex Parte Young*. The Plaintiffs refer to past actions and orders entered during the course of state litigation and does not appear to make any claim regarding any prospective actions by any of the named judges. See *Uberoi v. Supreme Court of Florida,* 819 F.3d 1311, 1314 (11th Cir. 2016) (citing *Va. Office for Prot. & Advocacy v Stewart,* 563 U.S. 247, 253-54 (2011) (stating that the exception applies only where a plaintiff seeks prospective relief against a state official, not "when the state is the real, substantial party in interest") (quotation marks omitted); *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146 (1993) ("[The exception] has no application in suits against the States and their agencies, which are barred regardless of the relief sought.")).

The defendant judges have at all times been acting in their official judicial capacities on behalf of the State of Florida. As they were acting in their official capacities, each judge should be entitled to sovereign immunity under the Eleventh Amendment.

D.    **Judicial Immunity**

"A district court may dismiss a complaint for failure to state a claim based upon the affirmative defense of judicial immunity when the defense is an obvious bar given the allegations." *Knezevich v. Ptomey*, 761 Fed. App'x. 904, 907 (quoting *Sibley v. Lando,* 437 F.3d 1067, 1070 n.2 (11th Cir. 2005)). "A judge has absolute judicial immunity while acting in a judicial capacity unless he acts 'in the clear absence of all jurisdiction.'" *Id.* (quoting *Sibley*, 437 F.3d at 1070). "Absolute immunity applies even when the judge's acts were in error, malicious, or in excess of his jurisdiction." *Id.* "Whether a judge acted in a judicial capacity depends on whether: (i) the act was a normal judicial function; (ii) the act occurred in chambers or open court; (iii) and the controversy involved a case pending before the judge." *Id.* "Interpreting the law is a normal judicial function." *See Marbury v. Madison,* 5 U.S. 137,177 (1803) ("It is emphatically the province and duty of the judicial department to say what the law is.").

By the nature of the Compliant, there is no doubt that the judges were acting within their official judicial capacities. The cases were brought before them under the jurisdiction of the circuit court in the Florida Eleventh Judicial Circuit. Judicial immunity should apply in this situation and the case should be dismissed with prejudice.

### E. Defendants are entitled to sovereign immunity as well

As it is difficult to ascertain what the Plaintiffs are actually seeking or alleging, if this case concerns the violation of constitutional rights, the State Defendants are entitled to sovereign immunity. The State Defendants were acting in their official capacities as judicial officers for the State of Florida. In regard to any claim of a violation of constitutional rights, these officers should be immune from suit based upon sovereign immunity.

In *Hill v. Department of Corrections, State of Fla.,* 513 So. 2d 129, 132-33 (Fla 1987), the Florida Supreme Court found that, much like Eleventh Amendment immunity for states in federal cases, the common law immunity of the state of Florida and its agencies had not been abrogated by 42 U.S.C. § 1983, the State of Florida had not abrogated its immunity for alleged constitutional torts when it adopted its limited waiver of sovereign immunity under Florida Statute § 768.28. Agreeing with findings from federal courts, the Court found that there was not a waiver of sovereign immunity for civil rights actions filed in state court. *Id.* at 133, (citing to *Shinholster v. Graham*, 527 F.Supp. 1318, 1331-32 (N.D. Fla 1981) ([T]he Florida legislature's intent to limit the waiver of sovereign immunity solely to tort claims and to the exclusion of federal civil rights suits is abundantly clear.) and *Gamble v. Florida Department of Health and Rehabilitative Services,* 779 F.2d 1509, 1515 (11th Cir. 1986)("that § 768.28, when viewed alone, was intended to render the state and its agencies liable for damages for traditional torts under state law, but to exclude such liability for "constitutional torts.")

The Defendants are judicial officers within the judicial system of the State of Florida. As the Defendants were acting in their official capacities when interacting with the Plaintiffs, they are entitled to sovereign immunity as set forth above.

**F.    Qualified Immunity**

While the statements made in the Complaint show the State Defendants acting in their official capacities, to the degree that a claim may go forward in an individual capacity, each is entitled to qualified immunity and the case should be dismissed.

The U.S. Supreme Court has stated that qualified immunity, when it applies, "is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial" *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Qualified immunity "shields government officials performing discretionary acts 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.*" Merricks v. Adkisson*, 785 F.3d 553, 558 (11th Cir. 2015) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). Thus, government officials are not held personally liable for objectively reasonable actions taken within their official capacity. *Id.* This objective standard is governed by "clearly established law." *Id.* (quoting *Harlow*, 457 U.S. at 818). Discretionary acts within the scope of authority are those actions "undertaken pursuant to the performance of [the official's] duties and (2) within the scope of [her] authority." *Spechler v. Tobin*, 591 F. Supp. 2d 1350, 1356 (S.D. Fla. 2008) (first alteration supplied) (quoting *Collier v. Dickinson,* 477 F.3d 1306, 1308 n.1 (11th Cir. 2007), *aff'd*, 327 Fed. Appx. 870 (11th Cir. 2009). Courts are tasked with determining whether the allegations establish a violation of a clearly established Constitutional right. *Id.*

Qualified immunity is determined by an objective standard, and the official's intent and motivation are insignificant. Id. at 1344. Qualified immunity can be defeated only when a Plaintiff shows "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A court can address these prongs in either order. *Pearson v. Callahan*, 555 U.S. 223 (2009). In particular, the Supreme Court has held that courts may consider objective evidence when ruling on the merits of a qualified immunity defense at summary judgment, even in the face of contested factual allegations. *Scott v. Harris*, 550 U.S. 372, 380-81 (2007). Governmental employees are protected from being sued in their individual capacity when their conduct complained of did "not violate clearly established statutory or constitutional rights of which a reasonable person would have been known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982). "The contours of the right must be sufficiently clear that a reasonable

official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640 (1987). To defeat qualified immunity, a plaintiff must plead facts that establish the individuals as "plainly incompetent" or "knowingly violat[ing] the law." *Boatwright v. Jacks,* 239 F.Supp.3d 229, 234 (D.D.C. 2017) citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011). The Supreme Court has cautioned lower courts to "not to define clearly established law at a high level of generality. The dispositive question is whether the violative nature of *particular* conduct is clearly established. This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (internal citations and quotation marks omitted; emphasis in original).

In this case, the allegations that give rise to Plaintiffs' allegations all occurred while State Defendants were performing their respective official duties as a judge. Should these allegations give rise to viable claims against the judges in their individual capacities, the State Defendants are entitled to qualified immunity.

## G. Dismissal with prejudice is appropriate

"Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

This action appears to be based wholly on dissatisfaction with various state court rulings over a period of more than fifteen years. The Plaintiffs are unable to re-state their allegations in a manner that could circumvent the immunities to which all of the judges are entitled. As the Plaintiffs cannot cure those defects, amendment would be futile, and the action should be properly dismissed with prejudice.

WHEREFORE, for the reasons above, the State Defendants respectfully request that this Court enter an order granting this Motion to Dismiss the Complaint.

Respectfully Submitted,

ASHLEY B. MOODY
ATTORNEY GENERAL

s/ Christopher Sutter
Christopher Sutter (Fla. Bar No. 422215)
Senior Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
110 Southeast Sixth Street, 10th Floor
Ft. Lauderdale, Florida 33301
Telephone: (954) 712-4600
Facsimile: (954) 527-3702
Christopher.Sutter@myfloridalegal.com
*Attorneys for State Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 14, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this date on all counsel of record or pro se parties identified below in the manner specified:

Maurice Symonette
Mack Wells
15020 S. River Drive
Miami, FL 33167
*Via U.S. Mail*

/s/ Christopher Sutter
Christopher Sutter
Senior Assistant Attorney General