UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:24-cv-23015

MACK WELLS and MAURICE SYMONETTE,

Plaintiffs,

v.

U.S. BANK, N.A., et al.,

Defendants.

_____/

**DEFENDANT, U.S. BANK'S**
**NOTICE OF JOINDER TO CO-DEFENDANTS' MOTIONS TO DISMISS**

Defendant, U.S. Bank, N.A.[1] ("U.S. Bank" or "Defendant"), by and through its undersigned counsel, hereby files this Notice of Joinder concerning arguments presented in the August 14, 2024 Motion to Dismiss Plaintiffs' Complaint, filed by the "State Defendants" (ECF No. 4) (the "First Motion"), and the August 15, 2024 Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (ECF No. 7) filed by the "Federal Defendants" (the "Second Motion").  In support thereof, U.S. Bank states as follows.

U.S. Bank believes the arguments raised in the First Motion and Second Motion are meritorious and hereby respectfully joins and adopts them to the degree they apply to U.S. Bank. The First and Second Motions correctly note this Court's lack of subject-matter jurisdiction over the State and Federal Defendants, given their sovereign and judicial immunity, and notably, as the sole basis offered by the Federal Defendants in their Notice of Removal (ECF No. 1) is citation to

_____

[1] Defendant has been incorrectly named in this action.  The full and correct name of Defendant is U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2005-AHL3.

Case No. 1:24-cv-23015

28 U.S.C. §§ 1442(a)(1) and (3), their dismissal from these proceedings could potentially eliminate this Court's jurisdiction and require entry of a remand order.[2]  Moreover, as correctly noted by both the State and Federal Defendants, even if this Court finds it has jurisdiction over them and the case itself, the Plaintiffs' pleading should still be dismissed as an impermissible shotgun pleading.  (ECF No. 4, at 5-6; ECF No. 7, at 8-10.)  The Plaintiffs' prolonged and unfathomable spiel makes no attempt to raise any particular claims or clear allegations or to distinguish what allegations or claims are brought against each of the fifteen defendants named in this action.  It thereby fails to satisfy the minimum pleading obligations required by the Federal Rules of Civil Procedure, and as such, fails provide notice to U.S. Bank or any of the other defendants as to the nature of the particular and specific claims against them, or the allegations supporting those claims. Accordingly, as set forth in the First and Second Motions, Plaintiffs' claims are subject to dismissal and no further response should be required of U.S. Bank or any other defendant at this time.

U.S. Bank additionally joins and adopts the additional argument by the State Defendants concerning Plaintiffs' ability to seek a writ of replevin, correctly noting that such a writ would only be authorized concerning personal property rather than the foreclosed real property to which Plaintiffs are attempting to apply it.  (ECF No. 4, at 7); see Fla. Stat. § 78.01 ("Any person whose **personal property** is wrongfully detained by any other person or officer may have a writ of

---

[2] Other grounds may exist for this Court's subject-matter jurisdiction under Federal question jurisdiction, 28 U.S.C. § 1331, though the exact determination of such is hindered by the effectively unintelligible nature of Plaintiffs' pleadings.  After all, the pleadings appear to be heavily grounded in actions taken in prior federal litigation in this District (including in Case No. 23-cv-22640, Case No. 23-cv-22848, and Case No. 23-cv-61345), actions purportedly taken by the Federal Defendants in those cases, and repeated citations to allegedly violated federal statutes, including 28 U.S.C. § 1446 and "923. 18 U.S.C. SS 371," the latter being the closest to any kind of "count" offered against the numerous named defendants, though its applicability to claims brought by the Plaintiffs is at best doubtful, along with repeated vague claims of constitutional rights violations.

Case No. 1:24-cv-23015

replevin to recover said personal property and any damages sustained by reason of the wrongful taking or detention as herein provided.") (emphasis added); *Richbourg v. Rose*, 44 So. 69, 74 (Fla. 1907) ("We agree with counsel that an action of replevin is one for the recovery solely of personal property, and cannot be maintained to recover real property.").

U.S. Bank reserves the right to file its own separate motion to dismiss raising additional arguments in support of dismissal of the Plaintiffs' pleadings as to any particular claims which can be deciphered to have been brought against U.S. Bank specifically, including but not limited to arguments under res judicata, collateral estoppel, and the related *Rooker-Feldman* doctrine. Plaintiffs' case appears to amount to only the latest in innumerable efforts made by the Plaintiffs to seek to overturn a final judgment of foreclosure entered long ago, all of which have been universally and repeatedly rejected by Federal and State courts, including by the specific federal courts cited by Plaintiffs. In the event this Court denies the First Motion and Second Motion, U.S. Bank respectfully requests an extension of 15 days in which to file such a motion to dismiss on its own behalf.

*WHEREFORE*, Defendant, U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2005-AHL3, respectfully requests the entry of an order: (a) granting the First Motion and the Second Motion and dismissing the Plaintiffs' pleadings against all defendants; and (b) granting such other and further relief as this Court deems appropriate under the circumstances.

Submitted August 19, 2024.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
200 East Broward Boulevard, Suite 2000
Fort Lauderdale, Florida 33301
Telephone: (954) 768-1600
*Counsel for Defendant, U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation,*

3

Case No. 1:24-cv-23015

*Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2005-AHL3*

By:  */s/ Eve A. Cann*
    Eve A. Cann
    Florida Bar No.: 0040808
    ecann@bakerdonelson.com
    Spencer D. Leach
    Florida Bar No.: 110753
    sleach@bakerdonelson.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 19, 2024, a true and correct copy of the foregoing *Defendant, U.S. Bank's Notice of Joinder to Co-Defendants' Motions to Dismiss* was filed electronically and was sent by e-mail from the Florida Courts' E-Filing Portal system and via U.S. Mail on all counsel or parties of record listed below:

Mack Wells
15020 S. River Drive
Miami, Florida 33187
*Pro se Plaintiff*

Maurice Symonette
15020 S. River Drive
Miami, Florida 33187
*Pro se Plaintiff*

H. Ron Davidson, Esq.
Assistant US. Attorney
**United States Attorney's Office**
99 NE 4 Street, Suite 300
Miami, Florida 33132
Telephone: (305) 961-9405
Facsimile: (305) 536-4699
H.Ron.Davidson@usdoj.gov
*Counsel for Defendant United States District Judge Jose E. Martinez, Defendant United States Magistrate Judge Eduardo Sanchez, Defendant Official Court Reporter Mary Ann Casale, and Defendant Assistant United States Attorney Jonathan Bailyn*

Christopher Michael Sutter, Esq.
**Florida Office of the Attorney General**
110 SE 6th Street, 10th Floor
Fort Lauderdale, FL 33301
Telephone: (954) 712-4600
Facsimile: (954) 527-3702
christopher.sutter@myfloridalegal.com
*Counsel for Judge Spencer Eig and Judge Vivianne Del Rio*

Clerk of Court
Juan Fernandez-Barquin
73 West Flagler Street
Miami, Florida 33130

Judge Valerie Manno Schurr
73 West Flagler Street
Miami, Florida 33130

Eviction Sheriff Lieutenant Flavio Quiroz
Miami-Dade Police Department Court
Services Bureau
501 NW 1st Court, 9th Floor

4

Case No. 1:24-cv-23015

Judge John Schlesinger
2700 Granada Blvd.
Coral Gables, Florida 33134

Judge Carlos Lopez
73 West Flagler Street, Suite 414
Miami, Florida 33130

Miami, Florida 33136

Manager of Sheriff's Dept. Jennifer
Miami-Dade Police Department Court
Services Bureau
501 NW 1st Court, 9th Floor
Miami, Florida 33136

/s/ Eve A. Cann
        Eve A. Cann