UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 24-CV-23015-Williams

MACK WELLS and MAURICE SYMONETTE,

    Plaintiffs,

vs.

U.S. BANK N.A., JOSE E. MARTINEZ, District Judge of the United States District Court for the Southern District of Florida; EDUARDO SANCHEZ, Magistrate Judge of the United States District Court for the Southern District of Florida; MARY ANN CASALE, Official Court Reporter; JONATHAN BAILYN, Assistant United States Attorney; *et al*.
    Defendants.
_____/

**FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR CHANGE OF VENUE**

Defendant United States District Judge Jose E. Martinez, Defendant United States Magistrate Judge Eduardo Sanchez, Defendant Official Court Reporter Mary Ann Casale, and Defendant Assistant United States Attorney Jonathan Bailyn (together, the "Federal Defendants"),[1] by and through the undersigned Assistant United States Attorney, respectfully file this Response to Plaintiffs' *pro se* "Motion for Change of Venue of Our Writ of Replevin from Dade County Courts and Dade County Federal Southern District to Pinellas County Court Florida Stat. Ch. 78.01 & 28 U.S.C. 1391 Venue and 1404(a) f title [*sic*] 28 Rule 64 of the Federal Rules of Civil Procedure" (ECF No. 11), "Notice of Filing" (ECF No. 12), and "Notice of Filing: Amended Because of Newly Found Evidence; Writ of Replevin/Order to

---

[1] None of the Federal Defendants has been properly served under either Florida Rule of Civil Procedure 1.070 or Federal Rule of Civil Procedure 4(i), and their Motion to Dismiss (ECF No. 7) is currently pending.

Show Cause for Fraud Upon the Court by the Judge and Clerk of Court" (ECF No. 13) (together, "the Motion for Change of Venue" or "the Motion"). This Court should deny the Motion for the reasons stated below.

## BACKGROUND

As discussed in more detail in the Federal Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to States a Claim (ECF No. 7), Plaintiffs Mack Wells and Maurice Symonette originally filed their complaint (titled "Writ of Replevin/Order to Show Cause for Fraud Upon the Court by the Judge and Clerk of Court") in state court naming as defendants the Federal Defendants, U.S. Bank, N.A., the Clerk of the Miami-Dade Circuit Court, five Florida state court judges, members of law enforcement, and two law firms. The complaint appears to seek a writ of replevin as to real property in Miami-Dade County that was the subject of an allegedly wrongful foreclosure sale and attempts to state a claim of conspiracy among all the named defendants to effectuate the sale.

The Federal Defendants removed the case to the United States District Court for the Southern District of Florida (ECF No. 1). The first and second United States District Court Judges to whom this matter was assigned issued Orders of Recusal (ECF No. 3 and ECF No. 5). Plaintiffs then filed their Motion for Change of Venue, in which they allege – without citing any evidence – that the United States District Court Judge to whom this matter is currently assigned must also "Recuse herself for the Same Conflict of Interest Reasons that [led] those other Judges" to issue Orders of Recusal, and that transferring this case from the Southern District of Florida to Pinellas County in the Middle District of Florida is warranted because, given the nature of the allegations, "there[']s almost no judge who doesn't have a conflict of interest" in the Southern District of Florida (ECF No. 12).

2

## THIS COURT SHOULD DENY THE MOTION BECAUSE THERE IS NO EVIDENCE OF BIAS OR THE NEED TO CHANGE VENUE.

Plaintiffs' Motion for Change of Venue raise two separate but inter-related arguments. First, Plaintiffs claim that, because two United States District Court Judges in the Southern District of Florida issued Orders of Recusal, this Court must do the same. That argument lacks merit because there is simply *no* evidence that this Court's "impartiality might reasonably be questioned." 28 U.S.C. § 455. Second, Plaintiffs claim that, given the nature of the allegations in their complaint, a change of venue is necessary. That argument also lacks merit because Plaintiffs cannot show that they could have brought their claim in the Middle District of Florida or that "the interests of justice" warrant a change of venue. 28 U.S.C. § 1404(a).

### I. Plaintiffs Failed to Allege Any Facts Warranting Recusal.

Title 28, United States Code, Section 455 mandates that a United States District Court Judge disqualify him or herself "in any proceeding in which [that Judge's] impartiality might reasonably be questioned" or when that Judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *See also* Code of Judicial Conduct, Canon 3(C)(1), *reprinted in* 69 F.R.D. 273, 277 (1975) ("A judge shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned…."). The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned. *Edelstein v. Wilentz*, 812 F.2d 128 (3d Cir.1987). *See also See United States v. Poludniak*, 657 F.2d 948, 954 (8th Cir.1981), *cert. denied*, 455 U.S. 940 (1982) (describing how in making the decision whether to recuse, a judge must employ an objective standard of reasonableness).

In this case, no reasonable person would question the impartiality of the presiding United States District Court Judge nor is there any evidence that the presiding Judge has a personal bias concerning a party.  Indeed, Plaintiffs have not alleged any facts about the presiding United States District Court Judge.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F.Supp. 1077, 1080 (D. Colo. 1991) ("Conclusory allegations do not mandate recusal under § 455.").  Reading this Motion most favorably to Plaintiffs, they presuppose that because two other United States District Court Judges to whom this matter was initially assigned issued Orders of Recusal (ECF No. 3 and ECF No. 5), the presiding Judge must have that same conflict of interest.  That inference, however, is not supported by the record.  *See Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (describing how a judge need not recuse on unsupported, irrational, or highly tenuous speculations and should ignore rumors, innuendos, and erroneous information). Indeed, mere "speculation and surmise," of the type offered by Plaintiffs, are insufficient to support recusal under Section 455, *In re United States*, 158 F.3d 26, 35 (1st Cir.1998), and a judge "should not recuse [herself] solely because a party claims an appearance of partiality." *In re Aguinda*, 241 F.3d 194, 201 (2d Cir.2001).  *See also In re Mason*, 916 F.2d 384, 386 (7th Cir.1990) (inquiry under Section 455(a) is not made from perspective of "a hypersensitive or unduly suspicious person").

For these reasons, Section 445 does not apply, and no further recusal is necessary.

**II.     Plaintiffs Failed to Allege Facts Justifying a Change of Venue.**

This Court should also deny Plaintiffs' Motion for a change of venue, pursuant to 28 U.S.C. § 1404(a), from the Southern District of Florida to the Middle District of Florida (ECF

4

No. 12).[2]  Title 18, United States Code, Section 1404(a), authorizes a Court to transfer any civil action to any other district where that claim "might have been brought"[3] when doing so is "in the interest of justice" and promotes "the convenience of parties and witnesses." *See In re Ricoh Corp.*, 870 F.2d 570, 572 (11th Cir. 1989).  A transfer is not to be liberally granted. *Shuttle v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir. 1970), *cert. denied*, 401 U.S. 910 (1971).

To determine whether transfer is appropriate under § 1404(a), courts embark on a "two-prong inquiry." *Rothschild Digital Media Innovations, LLC v. Sony Comput. Entm't Am. LLC*, Case No. 14-CIV-22134, 2014 WL 12029271, at *2 (S.D. Fla. Aug. 28, 2014). First, a court must find that "the new venue must be one in which the action could originally have been brought by the plaintiffs." *Id.* (citing 28 U.S.C. § 1404(a)). Second, "courts are to conduct a balancing test, weighing several private and public interest factors to determine if transfer is justified." *Id.* (*citing Steifel Lab., Inc. v. Galderma Lab., Inc.*, 588 F. Supp. 2d 1336, 1338 (S.D. Fla. 2008); *Mason v. Smithkline Beecham Clinical Lab.*, 146 F. Supp. 2d 1355, 1359 (S.D. Fla. 2001)).

As to the first prong, Plaintiffs do not claim in their Motion that their claim could have been brought in the Middle District of Florida.  Indeed, in their complaint, Plaintiffs claim ownership of property "situated in the County of Dade" (Comp. at 2), and they have failed

---

[2]    Plaintiffs also cite Rule 64 of the Federal Rules of Civil Procedure (ECF No. 11).  That Rule, however, deals with seizing a person or property, and Plaintiffs failed to articulate how that provision applies to their request to change venue.

[3]    Section 1404(a) also permits transfer to "any district or division to which all parties have consented."  The Federal Defendants do not consent to transfer to the Middle District of Florida, a fact that Plaintiffs could have learned had they conferred with the undersigned Counsel, as required by the Local Rules, before filing their Motion.

to allege facts that would warrant the bringing of this case in the Middle District of Florida. For this reason, their Motion fails under the first prong.

As to the second prong, Plaintiffs have not claimed any of the factors that courts traditionally evaluate when considering a motion for a change of venue. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). Plaintiffs, for example, have not tried to argue that the Middle District of Florida is more convenient for the witnesses who might testify at trial, or that trying this case in the Middle District of Florida will make relevant documents more accessible or make accessing sources of proof easier. Moreover, Plaintiffs have alleged no facts that suggest the Middle District of Florida is more convenient for any of the parties or that the locus of operative facts lay outside of the Southern District of Florida. They also have not discussed the availability of process to compel the attendance of unwilling witnesses outside of Miami or discussed the relative means of the parties. Finally, they have not claimed that the Middle District is more familiar with the governing law, this Court should assign any weight to their new choice of forum, or that trial efficiency and the interests of justice, based on the totality of the circumstances, would increase outside of the Southern District of Florida.

Instead, the only reason (of the purported "many" yet unstated "reasons" that Plaintiffs claim that they have) in favor of a change of venue that Plaintiffs offer is the lack of a "judge who doesn't have a conflict of interest" (ECF No. 12). But, as shown above, Plaintiffs failed to show that the current presiding United States District Court Judge has a conflict, thereby negating the purported need for a change of venue.

For all these reasons, Plaintiffs cannot show that a change of venue is warranted.

## CONCLUSION

This Court should deny Plaintiffs' Motion for Change of Venue because there is no evidence that this Court's "impartiality might reasonably be questioned," *see* 28 U.S.C. § 455, or that Plaintiffs could have brought their claim in the Middle District of Florida and that "the interests of justice" warrant a change of venue, *see* 28 U.S.C. § 1404(a).

Respectfully submitted,

**MARKENZY LAPOINTE**
**UNITED STATES ATTORNEY**

By:   */s/ H. Ron Davidson*
**H. RON DAVIDSON**
ASSISTANT U.S. ATTORNEY
Court ID A5501144
E-mail: H.Ron.Davidson@usdoj.gov
United States Attorney's Office
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Telephone: (305) 961-9405

*Counsel for Defendant United States District Judge Jose E. Martinez, Defendant United States Magistrate Judge Eduardo Sanchez, Defendant Official Court Reporter Mary Ann Casale, and Defendant Assistant United States Attorney Jonathan Bailyn*

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2024, I served this Notice of Removal upon pro se Plaintiffs via US Mail to 15020 S. River Dr. Miami, Florida 33167.

By:   */s/ H. Ron Davidson*
**H. RON DAVIDSON**
ASSISTANT U.S. ATTORNEY