UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:24-cv-23015-KMW

MACK WELLS and MAURICE SYMONETTE,

        Plaintiffs,

v.

U.S. BANK, N.A., et al.,

        Defendants.

_____/

**<u>DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO
PLAINTIFFS' NEW MOTION TO TRANSFER VENUE</u>**

Defendants, U.S. Bank, N.A.[1] ("U.S. Bank"); Juan Fernandez-Barquin, Clerk of the Court of the Eleventh Judicial Circuit and Comptroller of Miami-Dade County, Florida (the "Clerk"); United States District Judge Jose E. Martinez, Defendant United States Magistrate Judge Eduardo Sanchez, Defendant Official Court Reporter Mary Ann Casale, and Defendant Assistant United States Attorney Jonathan Bailyn (the "Federal Defendants"); and Judge Spencer Eig and Judge Vivianne Del Rio (the "State Defendants") (collectively the "Defendants"), by and through their respective undersigned counsel, hereby file this response in opposition to Plaintiffs' "Corrected Motion for Change of Venue of our Writ of Replevin from Dade County Courts and Dade County Federal Southern District Court to Pinellas County Court Florida Stat. Ch. 78.01 & 28 U.S.C. 1391 Venue and 1404(a) f title 28 Rule 64 of the Federal Rules of Civil Procedure With Clearer Exhibits" (the "Corrected Motion").  (ECF No. 21.)  The Defendants state as follows:

---

[1] U.S. Bank has been incorrectly named in this action.  The full and correct name of U.S. Bank is U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2005-AHL3.

## I.      BACKGROUND

Plaintiffs' pleadings, to the degree they can be called such, amount to a request for writ of replevin filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade, Florida. (ECF No. 1-3.)  It was filed by residents of Miami-Dade County, concerning real property located in Miami-Dade County, and naming defendants which, with the exception of U.S. Bank, are all residents of and/or located in Miami-Dade County.  (ECF No. 1-3.)  Additionally, Plaintiffs' allegations all appear to concern events and actions taking place in Miami, including primarily events occurring in state and federal litigation in Miami, such as the underlying foreclosure which is the source of this dispute.  (*Id.*)

This action was removed to this Court on August 8, 2024.  (ECF No. 1.)  Plaintiffs have now made four separate filings seeking to transfer this matter to a different court.  The first three were filed on August 23, 2024 and August 27, 2024, with each apparently seeking to transfer this matter to "Pinellas County Court" (the "Original Motions").  (ECF Nos. 11, 12, 15.)  In the Original Motions, Plaintiffs claimed a criminal conspiracy and provided a cut-off list of the entities and individuals allegedly involved in it.  (ECF Nos. 11, 15.)  Plaintiffs also noted prior recusals by state and federal judges, claiming that the current presiding judge must be recused as well, though they offered no reason for that conclusion.  (ECF No. 12.)  Plaintiffs then complained about actions by prior judges in prior cases to assert that is "why this case must have a change of venue to get a fair trial," while grumbling about events in an underlying foreclosure before concluding, "One of the many reasons that we have to change venues is because there's almost no judge who doesn't have a conflict of interest."  (*Id.*)

Multiple responses in opposition and joinders to those responses were filed.  (ECF Nos. 14, 18, 20.)  For example, in its response, U.S. Bank noted that Plaintiffs' Notice and Motions

made no reasonable attempt to satisfy any of the required elements for a transfer of venue, with nothing to suggest that this matter could have been heard in Pinellas County or anywhere other than Miami-Dade County, and with the Defendants opposing the transfer.  (ECF No. 18, at 3-4.)  Likewise, Plaintiffs offered no argument concerning convenience, connections to Pinellas County, or the interests of justice, besides an unsupported claim that the current presiding judge would need to be recused and an unsupportable suggestion that no judges in this Court would be able to hear the case.  (*Id.* at 4-5.)

Rather than file a reply in support of the Original Motions, Plaintiffs instead filed the Corrected Motion on September 6, 2024.  (ECF Nos. 21, 21-1.)  Though far more voluminous than the Original Motions, the Corrected Motion largely just repeats allegations of a conspiracy, fraud, claimed conflict of interest by other judges, and purported prior errors in underlying and related proceedings.  The only relevant allegations concerning venue are: (1) Plaintiffs are now seeking a transfer to "TAMPA FEDERAL COURT" (ECF No. 21-1, at 3, 17, 18-19); (2) what they claim to be false news coverage concerning a shooting at the subject property has made the Plaintiffs look bad (*Id.* at 3); and (3) that Plaintiffs cannot receive a fair trial in any Miami or Broward court, asserting that a move to federal court in Tampa would "be in compliance with our inalienable rights, laws of the United States and state of Florida, Constitutions of both federal and state, and their oaths of office this is why we have this Complaint to the 11th Circuit Federal Chief Judge to investigate and hold them accountable who are violating the Law like all the other Judges who work together with the Banks to steal property under Color of Law," (*Id.* at 18-19).

## II.   ARGUMENT

Pursuant to 28 U.S.C. § 1404(a), "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought or to any district or division to which all parties have consented." Accordingly, "There are two requirements Plaintiff must meet to succeed in its Motion to Transfer under 28 U.S.C. § 1404.  First, the cause can only be transferred to another district where the action might have been brought.  Second, the transfer must be warranted on grounds of convenience and interests of justice." *Cordis Corp. v. Siemens-Pacesetter*, 682 F.Supp. 1200, 1201 (S.D. Fla. 1987). An action might have been brought in a proposed transferee court if "(1) the court had jurisdiction over the subject matter of the action; (2) venue is proper there; and (3) the defendant is amenable to process issuing out of the transferee court."  *Windmere Corp. v. Rimington Prods., Inc.*, 617 F.Supp. 8, 10 (S.D. Fla. 1985).  On the second prong, as expressed in *Collectarius Financial, LLC v. Statebridge Company, LLC*, No. 2:17-cv-687-FtM-38CM, 2018 WL 541086 (M.D. Fla. Jan. 12, 2018):

> To make this decision, the court considers the following factors:
>
>> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Id.* at *1 (quoting *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005); s*ee also Hatten v. Taronis Techs.*, No. 8:19-cv-889-T-36TGW, 2019 WL 13262729, at *1 (M.D. Fla. June 21, 2019).

Just as with the Original Motions,[2] Plaintiffs' Corrected Motion makes no effort to satisfy these requirements, nor correct the deficiencies previously identified.  On the first prong, though

---

[2] The Defendants hereby also incorporate and reassert all prior arguments made in opposition to the Original Motions.  (ECF Nos. 14, 18, 20.)

changing their requested transfer destination to "TAMPA FEDERAL COURT," Plaintiffs have again offered nothing to suggest that this matter could have been filed there or anywhere other than Miami-Dade County.  As with the Pinellas transfer sought in the Original Motions, none of the parties are located in Tampa or Hillsborough County, nor is the real property in question located there, nor did any of the alleged events occur there.  Accordingly, there is no reason to conclude that any court in the Tampa Division of the U.S. District Court for the Middle District of Florida would have jurisdiction over these proceedings or that venue before such a court would be proper. *See, for example,* 28 U.S.C. § 1391(b).  Likewise, as shown by this filing, the Defendants oppose any such transfer.

Based on that defect alone, Plaintiffs may not transfer venue, but Plaintiffs have additionally, and yet again, failed to provide any allegations, much less evidence, to satisfy the second prong of the test.   Plaintiffs have not pointed to a single witness, record, or party located in Tampa, nor even suggested that such exist.  In fact, none of the alleged events underlying the Plaintiffs' pleadings occurred in the Tampa Division of the Middle District, nor does it have any connection to the subject real property, the persons named in this dispute, or the voluminous prior litigation brought by and involving the Plaintiffs, including the instant case, which like all prior actions, was filed in courts located in Miami-Dade County.

As for justice, Plaintiffs' only arguments are that the local media is biased and has published negative articles about them and that courts and judges in Broward and Miami-Dade are also biased against them, and so they will not receive a fair trial compared to in Tampa.  In this regard, Plaintiffs almost appear to be making an argument under Fed. R. Crim. P. 21 concerning possible juror prejudice.  Regardless, their arguments are plainly deficient, with one impartial news article and prior rulings by different state and federal judges hardly demonstrating actual or

identifiable prejudice in these proceedings or prejudice that is widespread and pervasive in the community, inflammatory pervasive pre-trial publicity, or that there is a reasonable certainty that the prejudice in question would prevent Plaintiffs from receiving a fair trial. *See United States v. Campa*, 459 F.3d 1121, 1150 (11th Cir. 2006); *Provenzano v. Singletary*, 3 F.Supp.2d 1353, 1362–63 (M.D. Fla. 1997), aff'd, 148 F.3d 1327 (11th Cir. 1998); *United States v. Hernandez*, 106 F.Supp.2d 1317, 1319 (S.D. Fla. 2000). Moreover, even if Plaintiffs had articulated some basis for prejudice, given that all the other factors for the second prong favor this Court remaining as the forum for this dispute, any concerns about unfairness can easily be resolved at voir dire. *Id.*; *see also Bell v. Rock-Tenn*, No. 2:14CV1167-MHT, 2015 WL 1120271, at *4–5 (M.D. Ala. Mar. 12, 2015).

With Plaintiffs having made no attempt to satisfy any of the required factors and evidentiary burdens for transferring this matter to the Tampa Division of the U.S. District Court for the Middle District of Florida, the Defendants respectfully request that the Plaintiffs' Corrected Motion be denied along with the Original Motions, which remain pending in this action.

*WHEREFORE*, the Defendants, respectfully request the entry of an order denying the Plaintiffs' Original and Corrected Motions to transfer venue (ECF Nos. 11, 12, 15, 21), along with granting any and all additional relief this Court deems just and proper.

Submitted September 23, 2024

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
200 East Broward Boulevard, Suite 2000
Fort Lauderdale, Florida 33301
Telephone: (954) 768-1600

By: */s/ Eve A. Cann*
Eve A. Cann
Florida Bar No.: 0040808
ecann@bakerdonelson.com

**HOLLAND & KNIGHT LLP**
701 Brickell Avenue
Suite 3300
Miami, Florida 33131
Tel. 305.374.8500
Fax: 305.789.7799

By: */s/Jose A. Casal*
Jose A. Casal (FBN 767522)
Email: jose.casal@hklaw.com

Spencer D. Leach
Florida Bar No.: 110753
sleach@bakerdonelson.com

*Counsel for Defendant, U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2005-AHL3*

**MARKENZY LAPOINTE**
**UNITED STATES ATTORNEY**

By: */s/ H. Ron Davidson*
H. RON DAVIDSON
ASSISTANT U.S. ATTORNEY
Court ID A5501144
E-mail: H.Ron.Davidson@usdoj.gov
United States Attorney's Office
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Telephone: (305) 961-9405

*Counsel for Defendant United States District Judge Jose E. Martinez, Defendant United States Magistrate Judge Eduardo Sanchez, Defendant Official Court Reporter Mary Ann Casale, and Defendant Assistant United States Attorney Jonathan Bailyn*

Isabelle M. Carbajales (FBN 1050746)
Email: isabelle.carbajales@hklaw.com
Secondary email: josie.vila@hklaw.com

*Attorneys for Defendant Juan Fernandez-Barquin, Clerk of the Court of the Eleventh Judicial Circuit and Comptroller of Miami-Dade County, Florida*

**ASHLEY B. MOODY**
**ATTORNEY GENERAL**

*s/ Christopher Sutter*
Christopher Sutter (Fla. Bar No. 422215)
Senior Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
110 Southeast Sixth Street, 10th Floor
Ft. Lauderdale, Florida 33301
Telephone: (954) 712-4600
Facsimile: (954) 527-3702
Christopher.Sutter@myfloridalegal.com

*Attorneys for Defendants, Judge Spencer Eig and Judge Vivianne Del Rio*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 23, 2024, a true and correct copy of the foregoing was filed electronically and was sent by e-mail from the Florida Courts' E-Filing Portal system and via U.S. Mail on all counsel or parties of record listed below:

Mack Wells
15020 S. River Drive
Miami, Florida 33187
*Pro se Plaintiff*

Maurice Symonette
15020 S. River Drive
Miami, Florida 33187
*Pro se Plaintiff*

H. Ron Davidson, Esq.
**United States Attorney's Office**
99 NE 4 Street, Suite 300
Miami, Florida 33132
Telephone: (305) 961-9405
H.Ron.Davidson@usdoj.gov
*Counsel for Defendants, United States District Judge Jose E. Martinez, Defendant United States Magistrate Judge Eduardo Sanchez, Defendant Official Court Reporter Mary Ann Casale, and Defendant Assistant United States Attorney Jonathan Bailyn*

Christopher Michael Sutter, Esq.
**Florida Office of the Attorney General**
110 SE 6th Street, 10th Floor
Fort Lauderdale, FL 33301
Telephone: (954) 712-4600
christopher.sutter@myfloridalegal.com
*Counsel for Defendants, Judge Spencer Eig and Judge Vivianne Del Rio*

Judge Valerie Manno Schurr
73 West Flagler Street
Miami, Florida 33130

Jose A. Casal, Esq.
Isabelle M. Carbajales, Esq.
**HOLLAND & KNIGHT LLP**
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Tel: (305) 374-8500
jose.casal@hklaw.com
isabelle.carbajales@hklaw.com
*Counsel for Defendant, Clerk of the Court, Juan Fernandez-Barquin*

Judge John Schlesinger
2700 Granada Blvd.
Coral Gables, Florida 33134

Judge Carlos Lopez
73 West Flagler Street, Suite 414
Miami, Florida 33130

Eviction Sheriff Lieutenant Flavio Quiroz
Miami-Dade Police Department Court
Services Bureau
501 NW 1st Court, 9th Floor
Miami, Florida 33136

Manager of Sheriff's Dept. Jennifer
Miami-Dade Police Department Court
Services Bureau
501 NW 1st Court, 9th Floor
Miami, Florida 33136

*/s/ Eve A. Cann*
Eve A. Cann