FILED BY ___ D.C.

NOV 04 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

# THE UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT COURT OF FLORIDA

MACK WELLS and MAURICE SYMONETTE

PLAINTIFF

CASE# 24-cv-23015-SC

V.

U.S. BANK NA. JOSE E. MARTINEZ, DISTRICT JUDGE OF THE UNITED STATES DISTRICT COURT DFOR THE SOUTHERN DISTRICT OF FLORIDA, EDWARDO SANCHEZ

DEFENDANTS

_____/

## CORRECTED NOTICE OF APPEAL

COMES NOW Maurice Symonette and Mack Wells with notice of appeal against Judges Order Dismissing Plaintiffs complaint with Prejudice in violation of Fl. Stat. 78. Federal Rule 12 (a)(1)(A) and Rule 1002 and 1001. See order exh. A.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true an correct copy of the forgoing has been furnished by U.S. Mail to

*Mack Wells* (signature)

Mack Wells

15020 S. River Dr.

Miami Fl. 33167

*Maurice S.* (signature)

Maurice Symonette

15020 S. River Dr.

Miami Fl. 33167

Baker Donelson
200 East Broward Blvd.
Suite 2000
Fort Lauderdale, FL 33301
954-768-1612
Email: econn@bakerdonelson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Spencer Devin Leach
Baker, Donelson, Bearman, Caldwell and Berkowitz, PC
100 S.E. Third Avenue
Suite 1620
Fort Lauderdale, FL 33394
(954) 768-1615
Email: sleach@bakerdonelson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

represented by Eve Alexis Cann
(See above for address)
*ATTORNEY TO BE NOTICED*

H. Ron Davidson
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9405
Fax: 305-536-4699
Email: h.ron.davidson@usdoj.gov
*ATTORNEY TO BE NOTICED*

represented by Eve Alexis Cann
(See above for address)
*ATTORNEY TO BE NOTICED*

H. Ron Davidson
(See above for address)
*ATTORNEY TO BE NOTICED*

represented by Eve Alexis Cann
(See above for address)
*ATTORNEY TO BE NOTICED*

H. Ron Davidson
(See above for address)
*ATTORNEY TO BE NOTICED*

represented by H. Ron Davidson
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Eve Alexis Cann
(See above for address)
*ATTORNEY TO BE NOTICED*

represented by Christopher Michael Sutter
Florida Office of the Attorney General
110 SE 6th Street
10th Floor
Fort Lauderdale, FL 33301
(954) 712-4600
Fax: (954) 527-3702
Email: christopher.sutter@myfloridalegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Eve Alexis Cann
(See above for address)
*ATTORNEY TO BE NOTICED*

represented by Christopher Michael Sutter
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Eve Alexis Cann
(See above for address)
*ATTORNEY TO BE NOTICED*

represented by Isabelle Marie Carbajales
Holland and Knight LLP
701 Brickell Ave
Unit 3300
Miami, FL 33131

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MACK WELLS and
MAURICE SYMONETTE,

    Plaintiff,

v.                             Case No.: 1:24-cv-23015-SC

U.S. BANK N.A. ET AL.,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court are two Motions to Dismiss. One is filed by Judges Spencer Eig and Vivianne Del Rio ("State Defendants"). (Doc. 4). A second is filed by Judges Jose E. Martinez and Eduardo Sanchez as well as Mary Ann Casale, and AUSA Jonathan Bailyn ("Federal Defendants"). (Doc. 7). Defendant U.S. Bank, N.A. (Doc. 10) and Defendant Juan Fernandez-Barquin (Doc. 19) join both Motions. Plaintiffs, proceeding pro se, have failed to respond to either Motion timely.

Plaintiffs' Complaint consists of mostly jumbledramblings, so it is hard to pinpoint exactly what they are alleging occurred. But from what the Court can gather, this action is just another in a string of frivolous cases brought by Plaintiffs. In short, Plaintiffs wish to void a foreclosure sale of real property that took place almost a year ago. Plaintiffs first tried and failed at the state

court to accomplish this goal. When that failed, they concocted a narrative about how the state court judiciary and various other parties are in the pockets of U.S Bank, and that all those involved conspired to take Plaintiffs' property. Given this purported conspiracy, Plaintiffs brought an action in federal court against U.S. Bank and its "co-conspirators" in another attempt to void the foreclosure. *See Wells et al. v. U.S. Bank, N.A. et al.*, 1:23-cv-22640-JEM. They have been unsuccessful to date.[1] However, Plaintiffs are not ones to give up. In their view, the adverse rulings by U.S. District Judge Jose Martinez and U.S. Magistrate Judge Eduardo Sanchez meant only one thing: these judges must also be part of the conspiracy. So they now bring this case[2] seeking to void the foreclosure alleging fraud and conspiracy involving, among others, U.S. Bank, two federal judges, two state judges, a court reporter, the Miami-Dade County Clerk of Court, and an Assistant United States Attorney.

This is not a unique case for Plaintiffs. To the contrary, they are serial filers of frivolous lawsuits, and their *modus operandi* appears to be actions seeking to either prevent or reverse a foreclosure. *See Symonette et al. v. Auora*

---

[1] This case is still open, but it is stayed. Before the stay, the court denied Plaintiffs' Emergency Motion to Void Foreclosure Sale in Violation for Sanctions Against U.S. Bank for Violating Federal Stay and Willful Contempt in Violation of 28 U.S. Code SS 1446(d) and to Void Sale Because of Forgery and Fraud, Emergency Motion for to Void Sale for Violation of Notice of Removal Stay Using Forgery and Fraud, and Emergency Motion for to Void Sale for Violation of Notice of Removal Stay Using Forgery and Fraud. *See Wells et al. v. U.S. Bank, N.A. et al.*, 1:23-cv-22640-JEM, Docs. 55, 63.

[2] Plaintiffs originally filed in state court, but the Federal Defendants removed it here under 28 U.S.C. §§ 1442(a)(1) and (3).

2

*Loan Services, LLC*, 1:12-cv-21980-MGC, Doc. 39 (S.D. Fla. Aug. 1, 2012) (dismissing case involving foreclosure proceeding for repeated failure to comply with court orders); *Symonette et al. v. Boss Grp. Ministries*, 1:13-cv-23017-UU, Doc. 4 (S.D. Fla. Aug. 26, 2013) (dismissing plaintiffs' shotgun pleading that "seems to entail the same transaction (foreclosure) at issue in an earlier-filed suit dismissed by this Court"); *Wells et al. v. Am. Hom Mortg. Services, Inc. et al.* 1:13-cv-23240-WJZ (S.D. Fla. Nov. 20, 2013) (recommending dismissal of plaintiffs' attempt to prevent foreclosure of property on *Younger* abstention grounds); *Symonette et al. v. JP Morgan Chase Bank*, 0:13-cv-61554-JIC, Doc. 47 (S.D. Fla. Jan. 15, 2014) (dismissing case involving "a lengthy and oft-delayed foreclosure proceeding" on shotgun pleading grounds); *Symonette et al. v. JP Morgan Chase Bank*, 0:13-cv-60834-RNS, Docs. 5, 8 (S.D. Fla. February 21, 2014) (dismissing complaint seeking to halt an ongoing foreclosure process in state court under the *Younger* abstention and *Rooker-Feldman* doctrines); *Symonette et al. v. Aurora Loan Services, LLC*, 1:13-cv-24142-PCH, Doc. 25 (S.D. Fla. July 1, 2014) (dismissing case seeking to attack foreclosure judgment and observing "Plaintiffs' history of abusive litigation tactics" and "apparent lack of validity to any of Plaintiffs' claims"); *Symonette et al. v. Littlejohn*, 1:13-cv-23220-MGC, Doc. 22 (S.D. Fla. Sept. 30, 2014) (dismissing claims "related to a state court foreclosure judgment" under the *Rooker-Feldman* doctrine); *Symonette et al. v. Indy Mac Bank et al.*, 1:18-cv-23615-CMA, Doc. 9 (S.D. Fla.

3

Sept. 28, 2018) (dismissing "quintessential shotgun pleading" that was "replete with conclusory and vague facts" and "a rambling incoherent grouping of claims against a state court judge, state court clerk of court, and several banks and financial institutions, regarding the foreclosure of Plaintiffs' property"); *Wells et al. v. U.S. Bank, N.A. et al.*, 1:23-cv-22640-JEM, Docs. 55, 63 (S.D. Fla. July 2, 2024) (rejecting plaintiffs' attempts to void the foreclosure sale); *Wells et al. v. U.S. Bank, N.A.*, 1:24-cv-22532-RAR, Doc. 6 (S.D. Fla. July 8, 2024) (dismissing complaint that alleges conspiracy involving the Governor and the Miami-Dade County Clerk of Court on shotgun pleading grounds and lack of jurisdiction).[3] Given Plaintiffs' extensive litigation history, one would expect they are now well-versed in the pleading standards. Not so.

Although the Motions to Dismiss raise multiple bases for dismissal, the Court focuses on one: shotgun pleading. Together, Rules 8 and 10 lay out the minimum pleading requirements. A complaint must have "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And each "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Violations of these rules sometimes create confusing

---

[3] To state the obvious, this list does not delve into the various state-court cases Plaintiffs have filed over the years.

4

complaints, known as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015).

The Eleventh Circuit has identified four categories of shotgun pleadings: (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts' not obviously connected to any particular cause of action"; (3) a complaint that does not separate each cause of action or claim for relief into a different count; and (4) a pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321-23. Ultimately, the common theme of all shotgun pleadings is that "they fail in one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. Such is the case here.

The Complaint is made up of incoherent, ambiguous, and unorganized ramblings about how various state and federal officials are being paid off by U.S. Bank (and several other banks that are not party to the case) simply to deprive Plaintiffs of their property. At other points, Plaintiffs go on unhinged tangents about unrelated matters, such as that Plaintiff Symonette is a prince because his grandfather was the first Black Prime Minister of the Bahamas;

5

that they have conducted fundraisers for Republican politicians on their four-story, eighty-foot yacht; that some Defendants are plotting to kill them; and that Wachovia Bank is a "slave master of black people." (Doc. 1-3 at 30, 31, 33, 34). The Complaint is not broken into separate paragraphs and largely consists of run-on sentences. And while there are buzzwords throughout, such as "conspiracy" and "fraud," there is no actual cause of action or claim asserted against any Defendant. Put simply, there is no way that the Defendants could be expected to formulate a response to such mumbo jumbo. *See Beckwith v. Bellsouth Telecommunications Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) ("The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'").

No doubt Plaintiffs' Complaint is a shotgun pleading. But the question remains whether the Court should grant them leave to amend. On the one hand, courts hold the pleadings of pro se litigants, like Plaintiffs, to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). And courts normally grant leave to amend when there is a chance the pro se litigant can allege a plausible claim for relief. *See Bell v. Fla. Highway Patrol*, 325 F. App'x 758, 760 (11th Cir. 2009). But this leniency has its limits. For instance, "where a litigant has a history of bringing vexatious, or unmeritorious litigation, a court may consider that history in assessing whether a claim should be dismissed and

6

leave to amend should be granted." *Clervrain v. Lee*, No. 6:21-MC-108-WWB-LRH, 2022 WL 2306847, at *3 (M.D. Fla. Jan. 19, 2022), *report and recommendation adopted sub nom.* 2022 WL 2306725 (Mar. 29, 2022) (citing *Miller v. Donald*, 541 F.3d 1091, 1101 (11th Cir. 2008)). Such is the case here.

As discussed earlier, plaintiffs are no strangers to federal court or litigation. In fact, they file practically the same case repeatedly—to void a state foreclosure action based on fraud and conspiracy. Their cases have been frequently dismissed on shotgun pleading grounds. This one is no different. Given Plaintiffs' borderline vexatious-litigation history and their recurring inability to craft a coherent pleading, Plaintiffs' claims are dismissed with prejudice. *Cf. Smith v. DeSantis*, No. 4:22-CV-176-AW-MAF, 2022 WL 2806549, at *4 (N.D. Fla. June 9, 2022), *report and recommendation adopted as modified*, 2022 WL 2803654 (July 18, 2022); *Emrit v. Universal Music Grp.*, No. 8:19-CV-2562-T-33SPF, 2020 WL 4751446, at *7 (M.D. Fla. Aug. 17, 2020), *aff'd*, 833 F. App'x 333 (11th Cir. 2021).

Accordingly, it is now

**ORDERED:**

1. Defendants Judge Spencer Eig and Judge Vivianne Del Rio's Motion to Dismiss (Doc. 4) is **GRANTED**.

2. Defendants Judge Jose E. Martinez, Judge Eduardo Sanchez, Mary Ann Casale, and AUSA Jonathan Bailyn's Motion to Dismiss (Doc. 7) is **GRANTED**.

3. Plaintiffs' Complaint is **DISMISSED with prejudice.**

4. The Clerk is **DIRECTED** to deny all pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Miami, Florida on October 4, 2024.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record